

# NUMBER 13-16-00527-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MCCLELLAND & HINE, INC.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus, relator McClelland & Hine, Inc. seeks to compel the trial court to (1) vacate two orders signed on May 27, 2016 and September 27, 2016 compelling relator to respond to discovery propounded by the real parties in interest, RZQ, L.L.C., Hameed Quraishi, M.D., Rafath Quraishi, M.D., Aadam Quraishi, M.D., and Advanced Medical Imaging, L.L.C.; (2) rule on relator's motion for summary judgment and enter summary judgment in favor of relator dismissing the real parties' claims with

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

prejudice; and (3) set a hearing on relator's pending motion for sanctions[2].  Relator has also filed a motion for emergency stay "to maintain the status quo of the parties and preserve the Court's jurisdiction to consider the merits" of this original proceeding.

Mandamus is an extraordinary remedy.  *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).  Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding).  The relator bears the burden of proving both of these requirements.  *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence.  *In re Nationwide Ins. Co. of Am.*, No. 15-0328, 2016 WL 3537206, at *2, __ S.W.3d __, __ (Tex. June 24, 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).  We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments.  *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown itself entitled to the relief sought.  Accordingly, we DENY the petition for writ of mandamus and the motion for emergency stay.  *See* TEX. R. APP. P. 52.8(a).

---

[2] This original proceeding arises from trial court cause number C-3818-13-H in the 389th District Court of Hidalgo County, Texas, and the respondent is the Honorable Leticia Lopez.  *See* TEX. R. APP. P. 52.2; *see also In re Prime Ins. Co.*, No. 13-14-00490-CV, 2014 WL 5314514, at *1 (Tex. App.—Corpus Christi Oct. 16, 2014, orig. proceeding) (mem. op.).

PER CURIAM

Delivered and filed this
6th day of October, 2016.