

# NUMBER 13-16-00607-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MARTE C. GUILLEN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion Per Curiam[1]**

Relator Marte C. Guillen, proceeding pro se, filed a petition for writ of mandamus seeking (1) to compel the judge of the trial court to vacate the August 29, 2016 final judgment in the underlying tax foreclosure case, and (2) to compel the assigned judge to vacate a nunc pro tunc order denying relator's motion to recuse or disqualify the judge of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

the trial court.[2]  By motion for emergency stay, Guillen seeks to stay the final judgment in this cause.  Cameron County and La Feria Independent School District filed a response to the motion for emergency stay.

Mandamus is an extraordinary remedy.  *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).  Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276 (Tex. 2016) (orig. proceeding).  The relator bears the burden of proving both of these requirements.  *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).  An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence.  *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012).  We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments.  *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004)) (orig. proceeding).

---

[2] This original proceeding arises from trial court cause number 2010-DCL-7786 in the 103rd District Court of Cameron County, Texas.  The Honorable J. Manuel Bañales was assigned to this cause under section 74.056 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 75.056 (West, Westlaw through 2015 R.S.).  The Honorable Ana Lisa Garza heard and denied the relator's motion to recuse or disqualify Judge Bañales.

The July 12, 2016 order issued by Judge Garza denying relator's motion to recuse or disqualify Judge Bañales was rendered on a "form" order that was drafted as an order granting the motion.  On this form, Judge Garza struck through the word "granted" and interlineated in handwriting that the motion was "denied," annotating her change with her initials.  However, the form order, signed by Judge Garza, retained the printed phrase in its third paragraph that the "judge of this Court is hereby recused."  Judge Garza's October 3, 2016 provides that she "inadvertently and through a clerical error did not strike the third paragraph of the order," and that paragraph "is clearly inconsistent with and contradicts the ruling of the Court."  The nunc pro tunc order corrected the original order to clarify that relator's motion to recuse or disqualify was denied.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown himself entitled to the relief sought.  Accordingly, we DENY the petition for writ of mandamus and the motion for emergency stay.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
7th day of November, 2016.