

## NUMBER 13-17-00070-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE TEXAS DEPARTMENT OF PUBLIC SAFETY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Justices Rodriguez, Contreras[1], and Longoria
## Memorandum Opinion Per Curiam[2]

Relator, the Texas Department of Public Safety, filed a petition for writ of mandamus with request for emergency relief in this cause on January 30, 2017. Through this original proceeding, relator seeks to vacate two orders rendered on January 6, 2017 which (1) strike relator's expert witness, and (2) deny relator's motion to strike the medical

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza. *See* TEX. FAM. CODE ANN. § 45.101 et seq. (West, Westlaw through 2015 R.S.).

[2] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

experts retained by the real party in interest, Raquel Guzman. Through its request for emergency relief, relator seeks to stay the jury trial of this matter which is set for February 6, 2017.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus and the request for emergency relief.

PER CURIAM

Delivered and filed the
31st day of January, 2017.

2