

# NUMBER 13-17-00342-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE NANCY CANTU AND IGNACIO CANTU

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez[1]

This original proceeding arises from a dispute between insureds and their insurer over the appointment of an appraiser under the insurance policy. Following a hail storm, Nancy Cantu and Ignacio Cantu filed a claim under their homeowner's insurance policy with State Farm Lloyds for property damage, and ultimately filed a lawsuit against State Farm Lloyds regarding their losses. State Farm invoked the appraisal clause in the insurance policy. The Cantus appointed David Poyner as their appraiser. Poyner had

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

previously prepared an expert report for the Cantus regarding his estimate of the property damages that they had incurred. State Farm objected to Poyner's appointment on grounds he was not qualified to serve as an appraiser under their insurance policy, which requires the appointment of a "competent, disinterested appraiser." After a hearing, the trial court declined to allow Poyner to serve as an appraiser and ordered the Cantus to appoint a "competent, disinterested appraiser." By petition for writ of mandamus, the Cantus allege that the trial court erred in refusing to allow Poyner to serve "absent any evidence of actual bias." This Court requested and received a response to the petition for writ of mandamus from State Farm Lloyds. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The Texas Supreme Court has held that mandamus relief is appropriate to enforce an

2

appraisal clause. *See, e.g., In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding).

The Court, having examined and fully considered the amended petition for writ of mandamus, the amended response, and the applicable law, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, we LIFT the stay previously imposed in this case and we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
2nd day of August, 2017.

3