

# NUMBER 13-17-00430-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE STORM-WILLIAMS ENERGY SERVICE, L.L.C., WS ENERGY SERVICES, L.L.C., AND JACK S. STORM

---

## On Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Contreras and Benavides
## Memorandum Opinion by Chief Justice Valdez[1]

Relators Storm-Williams Energy Service, L.L.C., WS Energy Services, L.L.C., and Jack S. Storm filed a petition for writ of mandamus in this cause seeking to compel the trial court to (1) vacate a March 20, 2017 order granting a motion for protection and sustaining objections to a subpoena duces tecum directed to non-party Rebecca Dennis;

---

[1] See TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

and (2) grant relators' motion for continuance of the trial set for October 12, 2017. We deny the petition for writ of mandamus.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not shown themselves entitled to the relief sought. First, relators have not shown that the requested discovery goes to the heart of their case or that the trial court's order otherwise vitiates or severely compromises their ability to present a claim or defense. *See, e.g., In re Allied Chem. Corp.*, 227 S.W.3d 652, 658 (Tex. 2007) (orig. proceeding); *Able Supply Co. v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995) (orig. proceeding). We further note that the trial court has appointed a special master who has not yet had the opportunity to review the discovery

matters at issue in this case. Second, a motion for continuance based on the grounds presented here, the alleged need for additional discovery and the potential absence of counsel, is a matter within the trial court's sound discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *see also* TEX. R. CIV. P. 251 (stating that a continuance may not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law"); *id.* R. 252 (stating that an applicant for a continuance based on the need for additional discovery must meet certain requirements, including, inter alia, showing that the discovery is material and cannot be obtained from any other source), *id.* R. 253 (stating that the "absence of counsel will not be good cause" for a continuance unless it is "allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record"). Moreover, according to the trial court's oral ruling in this case, the trial court has indicated its willingness to reconsider continuing the trial date. Under these circumstances, relators have not shown that mandamus should issue. *See Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding). Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
4th day of August, 2017.

3