

# NUMBER 13-18-00406-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CALHOUN PORT AUTHORITY

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria[1]

On July 25, 2018, relator Calhoun Port Authority filed a petition for writ of mandamus in the above cause. Through this original proceeding, relator seeks to compel the trial court to vacate its July 23, 2018 orders granting discovery and to grant its motion for protective order. Relator's motion for protective order requested protection from "any and all discovery sought" by the real party in interest, the Victoria Advocate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Publishing Co. Relator has further filed an emergency motion for temporary relief and stay through which it seeks to stay the July 23, 2018 discovery orders pending resolution of this original proceeding.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus and the emergency motion for temporary relief and stay. *See* TEX. R. APP. P. 52.8(a).

NORA L. LONGORIA
Justice

Delivered and filed the
26th day of July, 2018.

2