

# NUMBER 13-18-00381-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE MARGARITO TRUJILLO

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Benavides
## Memorandum Opinion by Chief Justice Valdez[1]

Relator Margarito Trujillo filed a petition for writ of mandamus in the above cause on July 13, 2018. Through this original proceeding, Trujillo seeks to compel the trial court to withdraw its order of May 17, 2018 granting turnover relief and appointing receiver Ignacio Garza. This Court requested that the real parties in interest, Bobby Burrows, receiver Garza, CESMT, LLC, or any others whose interest would be directly affected by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. Burrows filed a response to the petition for writ of mandamus.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Bobby Burrows, the record, and the applicable law, is of the opinion that Trujillo has not shown himself entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed this
3rd day of August, 2018.

2