

# NUMBER 13-18-00417-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PLAINSCAPITAL BANK, YVONNE TREVINO, AND JIM KRIEGER

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Chief Justice Valdez[1]**

Relators PlainsCapital Bank, Yvonne Trevino, and Jim Krieger filed a petition for writ of mandamus in the above cause seeking to compel the trial court to vacate a July 27, 2018 discovery order and to dismiss this case for lack of jurisdiction, or alternatively, abate the case pending disposition of a related case pending in the Hidalgo County Probate Court, or alternatively, enter an amended order limiting discovery. The July 27,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

2018 order at issue here allows specific, limited pre-arbitration discovery and provides that relators' motion to compel arbitration and alternative plea in abatement will be heard within fifteen days of the date that relators produce the specified discovery. The Court requested and received a response to the petition from the real party in interest, Jeff Richter as attorney-in-fact for Aleah Sue Richter. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). Relators bear the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, the record, and the applicable law, is of the opinion that relators have not established their right to mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or

2

modified, an order granting temporary relief is effective until the case is finally decided.").

We deny the petition for writ of mandamus.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
30th day of August, 2018.