

# NUMBER 13-19-00622-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE FLOYD BLAKE DEITZMANN D/B/A LAW OFFICE OF F. BLAKE DEITZMANN, RICK GONZALEZ, AND MARIVEL SALINAS RODRIGUEZ

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Longoria and Perkes
## Memorandum Opinion by Justice Perkes[1]

Relators Floyd Blake Deitzmann d/b/a Law Office of F. Blake Deitzmann, Rick Gonzalez, and Marivel Salinas Rodriguez filed a petition for writ of mandamus and motion for stay in the above cause on December 6, 2019. Through this original proceeding, relators seek to compel the trial court to vacate its October 25, 2019 order denying relator's Rule 91a motion to dismiss the claims of the real party in interest, Law Offices of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Ramon Garcia and its December 2, 2019 order denying reconsideration of that ruling. See Tex. R. Civ. P. 91a (providing for the dismissal of baseless causes of action). Relators further request that we stay all activity in the underlying case pending resolution of this original proceeding. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or is a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Mandamus is available to review a trial court's denial of a motion to dismiss under Texas Rule of Civil Procedure 91a. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Butt*, 495 S.W.3d 455, 460 (Tex. App.—Corpus Christi 2016, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have failed to meet their burden of proof to obtain relief. Accordingly, we deny the petition for writ of mandamus and the request for emergency relief. *See* TEX. R. APP. P. 52.8(a).

GREGORY T. PERKES
Justice

Delivered and filed the
6th day of December, 2019.