

# NUMBER 13-21-00370-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN RE TANEISHA PAULIONO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Pro se relator Taneisha Pauliono filed a petition for writ of mandamus in the above-referenced cause through which she generally asserts that the trial court[2] abused its

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2021-CCL-00621 in the County Court at Law No. 2 of Cameron County, Texas, and the respondent is the Honorable Laura Betancourt. *See id.* 52.2. Relator previously filed a separate but similar original proceeding from this same trial court cause number. *See In re Pauliono*, No. 13-21-00302-CV, 2021 WL 4467608, at *2 (Tex. App.—Corpus Christi–Edinburg Sept. 29, 2021, orig. proceeding) (mem. op.).

discretion by refusing to sign a final judgment and instead transferring the case to a different court. Relator requests that we direct the trial court to abate all proceedings in County Court at Law No. 4 of Cameron County, Texas; sign the judgment "rendered" on August 17, 2021 by the judge of the County Court at Law No. 2 of Cameron County, Texas; and abate the proceedings in County Court at Law No. 4 pending "final resolution," including a "newly refiled original complaint with Cause No. 2021-DCL-05313" in the Cameron County District Court.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

2

The Court, having examined and fully considered the petition for writ of mandamus and the foregoing standard of review, is of the opinion that the relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
29th day of October, 2021.