

# NUMBER 13-21-00305-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALEYDA TIJERINA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Silva[1]**

Relator Aleyda Tijerina filed a petition for writ of mandamus in the above-referenced cause through which she asserts that "[t]he trial court has abused its discretion by refusing to set multiple motions for hearing."

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem.*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

*Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 840. A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Jose Luis Moreno, and relator's reply thereto, is of the opinion that relator has not met her burden to obtain relief. *See, e.g.*, *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 257–58 (Tex. App.—El Paso 2021, orig. proceeding) ("We . . . recognize that courts have inherent authority to manage their dockets."); *In re Marriage of Harrison*, 557 S.W.3d 99, 137 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("The judge, not the litigant, controls the trial court docket."); *In*

*re State ex rel. Skurka*, 512 S.W.3d 444, 452 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding) ("The control of the business of the court is vested in the sound discretion of the trial judge.").

In so ruling, however, we remain concerned about the period of delay apparent in this record and relator's allegations that the trial court is selectively favoring Moreno by setting his pleadings and motions for hearing, while simultaneously refusing to set relator's pleadings and motions for hearing. We note that this Court has conditionally granted mandamus relief against the trial court in another original proceeding based on similar issues. *See In re Roland's Roofing Co.*, No. 13-19-00469-CV, 2019 WL 5444399, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2019, orig. proceeding) (mem. op.) (conditionally granting mandamus relief regarding an eight-month delay in ruling on a special appearance); *see also In re Kingman Holdings, LLC*, No. 13-21-00217-CV, 2021 WL 4301810, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 22, 2021, orig. proceeding) (mem. op.) (conditionally granting mandamus relief regarding a motion for summary judgment and noting a six-month delay in ruling on a motion for reconsideration).

Nevertheless, at this time and on this record, we deny the petition for writ of mandamus. We note that our ruling regarding this petition for writ of mandamus is without prejudice as to any further original proceedings that might be presented on this topic in the future.

CLARISSA SILVA
Justice

Delivered and filed on the
22nd day of December, 2021.