

# NUMBER 13-22-00039-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ISMAEL GARZA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Contreras[1]

On January 21, 2022, relator Ismael Garza filed a petition for writ of mandamus seeking to compel the trial court to vacate its "Order Denying [Relator's] Objections, Motion for Protection, and Motion to Quash Defendant's Notice of Intention to Take Deposition by Written Questions." By one issue, relator asserts that the trial court abused its discretion when it "authorized—over [r]elator's objection and without conducting an *in*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*camera* inspection—the unredacted production of more than six years of medical records from numerous medical providers."

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d at 32; *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

"The trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam); *see In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding). It is an abuse of discretion to compel the production of privileged documents. *In re Silver*, 540 S.W.3d 530, 538 (Tex. 2018) (orig. proceeding). When the trial court erroneously orders the production of privileged documents, the party claiming the privilege lacks an adequate remedy by appeal. *In re Silver,* 540 S.W.3d at 538; *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding).

2

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest, H-E-B, LP, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See* TEX. R. CIV. P. 193.4, 199.6; *In re Silver,* 540 S.W.3d at 538; *In re Christus Santa Rosa Health Sys*., 492 S.W.3d at 279. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8(a). In so ruling, we did not consider any portion of the supplemental record provided by H-E-B, LP, and thus we dismiss "Relator's Motion to Strike or Disregard Portion of H-E-B, LP's Supplemental Record" as moot.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
7th day of March, 2022.

3