**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00212-CV**
_____

**IN RE ROBERTO YBARRA**

======================================================

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 20-08-09806-CV**

======================================================

**MEMORANDUM OPINION**

Relator Roberto Ybarra (Ybarra or Relator) petitioned for mandamus relief from a trial court's order that excluded one of Ybarra's treating physicians from testifying as to causation in a personal injury case arising from an automobile accident. Relator argues that the trial court abused its discretion because Ybarra had adequately disclosed that the doctor would offer an opinion on causation and he lacks an adequate remedy by appeal because his damage models rely on this doctor's opinion that the real party in interest, Chloe Courtnea Thomas (Thomas), caused "large portions of [Ybarra's] damages." Thomas responded to the petition and argued that she made a Rule 702 challenge to the testimony of Dr. Price only as to

1

causation, that Ybarra failed to meet his burden in response to the Rule 702 challenge, that Ybarra did not comply with the expert designation requirements, that the trial court did not abuse its discretion, and that Ybarra has an adequate remedy on appeal, so mandamus relief is not appropriate.

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal is an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

In his Original Petition, Ybarra designated this case for Level 3 discovery. *See* Tex. R. Civ. P. 190.1, 190.4. In December of 2021, the trial court entered a docket control order (DCO) in this case. A discovery control plan ordered by the trial court "may change any limitation on the time for or amount of discovery set forth in the[] rules." Tex. R. Civ. P. 190.4(b). The DCO included several deadlines, with some of the deadlines calculated from the trial date in the DCO. The trial date listed in the

2

DCO was June 21, 2022. Ybarra's deadline to designate expert witnesses under the DCO was set at 150 days before trial, or January 24, 2022. The DCO stated: "Unless otherwise ordered by the Court, the [] dates as calculated from the trial date stated herein remain the applicable deadlines for this case even if the trial date is reset and regardless of the reason for any reset." The trial date was reset twice, but neither Order Resetting Trial reset the deadlines to designate expert witnesses, complete discovery, or raise expert challenges. The DCO also required the parties to designate experts as follows:

> 2. **EXPERT WITNESS DESIGNATION:**
> A list shall be filed which includes each expert's name, address, telephone number, the subject of the testimony, and the opinions that will be proffered by each expert. **Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of an exception under Rule 193.6.** A Rule 194 disclosure is not a substitute for this filed designation.
> (a) **Parties seeking affirmative relief 150 DAYS BEFORE TRIAL**
> (b) **All other parties 120 DAYS BEFORE TRIAL**

The DCO warned the parties that an expert not listed in compliance with the DCO will not be permitted to testify absent a showing of an exception under Rule 193.6.[1] It appears from the mandamus record that Ybarra did not file any objections to any part of the DCO.

---

[1] Ybarra does not argue in his Petition for Mandamus that he made a showing of an exception under Rule 193.6. Ybarra also does not argue that the trial court erred in failing to modify or extend the discovery procedures and deadlines contained in the DCO.

We find it significant that the DCO in this case requires expert designations for "each expert" and there is no distinction between retained or non-retained experts. Further, it requires a list which includes each "expert's name, address, telephone number, the subject of the testimony, and the opinions that will be proffered by each expert." And it expressly notifies the parties that "[a] Rule 194 disclosure is not a substitute for this filed designation."

On October 4, 2021, Ybarra served his First Supplemental Responses to Defendant's Request for Disclosure. In the disclosure responses, Ybarra identified Dr. Eric William Price as an expert witness as follows:

Eric William Price, M.D.
Kenneth Palmer, M.D.
Houston Methodist Orthopedics & Sports Medicine - The Woodlands
*(and/or its custodian of medical and billing records)*
17183 Interstate 45 South, Suite 210
Shenandoah, Texas 77385
(936)321-8000
The Medical Personnel at Houston Methodist Orthopedics & Sports Medicine – The Woodlands are experts in the field of medicine and will testify as to the bodily injury and physical damages Plaintiff has sustained and may sustain in the future as a result of the accident made the basis of this suit, as well as the necessary, customary, and reasonable medical bills incurred and those that may be incurred in the future. . . .
. . .
Eric William Price, M.D.
Memorial Hermann Conroe Surgery Center *(and/or its custodian of medical and billing records)*
1501 River Pointe Drive, #200
Conroe, Texas 77304
(936)760-3443
The Medical Personnel at Memorial Hermann Conroe Surgery Center are experts in the field of medicine and will testify as to the bodily

4

injury and physical damages Plaintiff has sustained and may sustain in the future as a result of the accident made the basis of this suit, as well as the necessary, customary, and reasonable medical bills incurred and those that may be incurred in the future. . . .

Ybarra also listed other medical providers as expert witnesses in his disclosure responses. On January 21, 2022, three days before the DCO expert deadline, Ybarra filed Plaintiff's First Supplemental Designation of Expert Witnesses. The only individual identified in this supplemental designation was Dr. Price. This time, Ybarra designated Dr. Price as follows (with emphasis added):

> The above-listed medical providers may be called to testify live or by oral and/or video deposition and/or via deposition by written questions and/or through their medical records to give expert opinions within a reasonable medical probability on all of their examinations and medical treatment provided to the Plaintiff, the necessity of that treatment and the reasonableness of the charges for the treatment as well as the diagnosis, prognosis and opinions about the Plaintiff *as well as causation of Plaintiff's injuries*. . . . Their opinions and impressions are contained in their records provided by plaintiff in response to discovery requests.

On March 29, 2022, Thomas filed Defendant's Motion to Exclude Expert Witness Testimony from Eric William Price M.D. as to Causation. Thomas argued that Dr. Price's expert opinion testimony as to causation should be excluded under Texas Rule of Evidence 702. Thomas noted that although Ybarra identified Dr. Price as a doctor, Ybarra had failed to provide any evidence that Dr. Price "has any qualifications to render opinions as to how this particular car accident caused the alleged injuries in this case." Thomas also argued: "The relevant inquiry is whether

5

ERIC WILLIAM PRICE M.D. has the necessary expertise to express an opinion about whether the occurrence in question CAUSED Plaintiff's alleged injuries. [] The answer is that he does not. Texas law prohibits a licensed registered nurse from 'acts of medical diagnosis.[']"

On March 30, 2022, after the motion to strike had been filed and after the DCO deadline to file and serve his expert witness designations had passed, Ybarra filed Plaintiff's Second Supplemental Designation of Expert Witnesses. In his Second Supplemental Designation Ybarra listed several medical providers, and also updated the designation for Dr. Price as follows

Dr. Price will testify to the following matters:

1.  He will testify that all of the medical charges his practice rendered to the Plaintiff were reasonable in the amount of the charges and that the treatment rendered to the Plaintiff were made necessary and caused by the collision which occurred on or about November 30, 2018[;]
2.  He will testify as to the specific physical therapy modalities that were used to treat the Plaintiff and the causal connection between those modalities and the injury caused by the collision;
3.  He will testify as to the need for any diagnostic testing such as MRI's and X-Rays and testify as to how they helped with the diagnosis of the Plaintiffs injuries that were caused by this collision;
4.  He will testify as to the process and procedures involved with administering injections for pain management, as well as the causal connection between the injections and the collision made the basis of the lawsuit;
5.  He will testify to the surgical procedures performed and the causal connection between the surgery and the collision made the basis of the lawsuit;
6.  He will rebut the opinions of Defendant's testifying Expert[.]

6

He will also testify to the entirety of the Plaintiff's treatment and why it was both appropriate for the injury the Plaintiff received and caused by the collision. He will also testify to the reasonableness of the Plaintiff's medical charges in the local in which the treatment was given and to the necessity of those charges being caused by the collision.

Ybarra filed a response and an amended response to the Motion to Exclude. Ybarra argued in his response to Thomas's motion to quash Price's deposition that he had complied with the Rules of Civil Procedure when he disclosed Dr. Price, that he sought dates to depose Dr. Price, that Ybarra has had two surgeries and Ybarra provided medical records of those surgeries to Thomas, and Ybarra sought a continuance to complete the deposition of Dr. Price.

The trial court initially granted the motion to exclude on April 14, 2022, and Ybarra filed a Motion to Reconsider, arguing that he had timely responded to the disclosures and that he complied with the expert designation requirements under the Rules of Civil Procedure, that Dr. Price was a non-retained expert and treating physician, and that he was not required under the Rules of Civil Procedure to provide a report or do more than he did for the non-retained expert. Thomas filed a response and supplemental response to Ybarra's Motion to Reconsider, restated the Rule 702 challenge, and further argued that Plaintiff had untimely supplemented the expert information and failed to comply with the trial court's DCO, and that the deadlines for expert designations and depositions, and Daubert challenges under the DCO had passed.

The trial court vacated its earlier order and set the motion to exclude for submission on May 6, 2022. On May 6, 2022, the trial court entered another order granting the Defendant's Motion to Exclude Plaintiff's Expert Witness Testimony from Eric William Price M.D. as to Causation. The substance of the May 6th Order is as follows:

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERTWITNESS TESTIMONY FROM ERIC WILLIAM PRICE M.D. AS TO CAUSATION**

On this day came on to be heard DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS TESTIMONY FROM ERIC WILLIAM PRICE M.D. AS TO CAUSATION. After hearing the evidence and argument of counsel [the Court] is of the opinion that Defendant's Motion is GRANTED. (The Court is especially concerned that the supplementation which Plaintiff provided for the Court's consideration was filed *after* the Motion to Exclude and *after* the expert deadline, neither of which Plaintiff mentioned at the hearing when the Court granted the Motion for Reconsideration.)

IT IS, THEREFORE, ORDERED that any testimony regarding causation from Eric William Price M.D. is excluded.

Ybarra then filed his Second Motion to Reconsider and the trial court entered an Order denying the Second Motion to Reconsider.

Ybarra did not object to the DCO, its requirements, or deadlines. In Ybarra's response and motions to reconsider, Ybarra did not argue that he had complied with the requirements set forth in the DCO, but instead he argued he had complied with the expert designation requirements under the applicable Rules of Civil Procedure. The trial court could have reasonably concluded that Ybarra had failed to comply

8

with the DCO in that his expert designations failed to include a summary of Dr. Price's opinions as to causation and that Ybarra failed to provide an explanation to the trial court as to why he did not provide the information required in the DCO as to expert witness designations in a timely manner because his supplementations were untimely.

After the Motion to Strike was filed and after the deadline to designate experts had closed, Ybarra filed his second expert supplementation listing the opinions Ybarra anticipated obtaining from Dr. Price. The defendant argued in its responses to the plaintiff's motion to reconsider that the plaintiff had failed to properly disclose any opinions as to causation, had failed to state what opinion the expert held on causation of the injuries or the basis for such opinions, and further that plaintiff failed to point to any documents or records where such opinions were provided.

The trial court's order limits the ability of Dr. Price to testify on causation, but it has not struck Dr. Price from testifying about Ybarra's alleged injuries, care, surgery, treatment, or medical expenses. We cannot say on the record before us that the trial court abused its discretion because the trial court could have reasonably concluded that Ybarra failed to comply with the DCO. We do not reach the Rule 702 challenge. *See* Tex. R. App. P. 47.1

Having examined and fully considered the parties' arguments and the record before us, we conclude that Relator has not met his burden to obtain mandamus

relief. We lift our stay order of July 14, 2022 and deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 1, 2022
Opinion Delivered August 25, 2022

Before Kreger, Horton and Johnson, JJ.