# IN THE SUPREME COURT OF TEXAS

No. 13-1006

IN RE ESSEX INSURANCE COMPANY, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

Rafael Zuniga sued San Diego Tortilla (SDT) for personal injuries and then added a declaratory judgment claim against SDT's liability insurer, Essex Insurance Company, seeking a declaration that Essex must indemnify SDT for its liability to Zuniga. The trial court denied Essex's motions to dismiss, and the court of appeals denied Essex's petition for writ of mandamus. "In Texas, the general rule . . . is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment." *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam) (citing *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)); *see also Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam) ("The plaintiffs sued only Dr. Aviles; they could not sue his insurer under the Texas rules barring direct actions.") (citing *Angus Chem.*, 939 S.W.2d at 138; *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam) ("However, [the plaintiff] cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."). Because no exception to this "no direct action" rule applies here, we conditionally grant mandamus.

1

Zuniga sued SDT after he lost his hand while operating a tortilla machine at SDT's facility. Essex, which had issued a commercial general liability policy insuring SDT, investigated the accident and concluded that the policy does not cover Zuniga's claims because Zuniga was an SDT employee at the time of the accident.[1] Zuniga and SDT denied that Zuniga was an employee and asserted instead that he was working at SDT as an independent contractor. While maintaining its position that Zuniga was an employee, Essex nevertheless agreed to defend SDT under a reservation of its right to refuse to indemnify SDT against any judgment, based on the policy's employee exclusion.

After Essex rejected Zuniga's offer to settle his claims against SDT for the policy limits, Zuniga filed an amended petition adding Essex as a defendant and seeking a declaration that the policy requires Essex to indemnify SDT for its liability to Zuniga. In response, Essex filed a motion to dismiss Zuniga's claims under Texas Rule of Civil Procedure 91a, arguing that the "no direct action" rule, Zuniga's lack of standing, and a lack of ripeness bar Zuniga from suing Essex until SDT's liability to Zuniga is determined. SDT retained separate counsel and filed a plea in intervention seeking the same declaratory relief that Zuniga had sought. Essex also moved to dismiss SDT's plea under Rule 91a. The trial court denied both of Essex's Rule 91a motions. SDT has since abandoned its plea in intervention and in this Court now supports Essex's position that Zuniga's claims against Essex must be dismissed.

We only issue mandamus "to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.

---

[1] Essex relies on a policy provision that excludes coverage for "'bodily injury' to . . . [a]n 'employee' of any insured arising out of and in the course of employment or while performing duties related to the conduct of an insured's business."

2

1985)). Thus, to obtain mandamus relief in this case, Essex must establish that (1) the trial court abused its discretion by denying Essex's Rule 91a motions to dismiss, and (2) Essex has no adequate remedy by appeal.[2] *See id.* We conclude that it has done so.

Essex contends that the trial court abused its discretion by refusing to dismiss Zuniga's claims because the "no direct action" rule prohibits a plaintiff from directly suing a defendant's liability insurer to recover benefits under the insurance policy until the defendant's liability to the plaintiff has been established. *See Angus Chem.*, 939 S.W.2d at 138. Moreover, Essex asserts, because SDT's liability to Zuniga has not yet been established, Zuniga's claims against Essex are not ripe and Zuniga lacks standing to assert them, and thus the trial court lacks jurisdiction over those claims. In response, Zuniga argues that his claims against Essex do not violate the "no direct action" rule because he is merely seeking a declaration that the Essex policy covers SDT's liability to Zuniga, as opposed to a money judgment against Essex in the amount of that liability and because the Texas Declaratory Judgments Act expressly permits him to seek such relief.

We agree with Essex that Zuniga's claims against it are barred. Whether stated as claims for damages or for declaratory relief, Zuniga's claims against Essex must fail unless SDT is in fact liable to Zuniga for his injuries, which is why we have recognized that the "no direct action" rule applies to a declaratory judgment suit. *See Angus Chem.*, 939 S.W.2d at 138 (involving declaratory judgment by plaintiff against defendant's insurer). Allowing Zuniga to pursue claims simultaneously against SDT (for liability) and Essex (for coverage of that liability) in the same

---

[2] Citing *In re Vaishangi, Inc.*, No. 13-0169, 2014 WL 2535996, at *4 (Tex. June 6, 2014), Essex also asserts that it need not demonstrate that it lacks an adequate remedy on appeal to obtain mandamus relief because the trial court exceeded its jurisdiction by denying Essex's Rule 91a motion. Because Essex has demonstrated that it does not have an adequate remedy by appeal, we need not reach that argument.

suit would prejudice both Essex and SDT in their defenses against Zuniga's claims because it would (1) create a conflict of interest for Essex,[3] and (2) necessarily require the admission of evidence of liability insurance in violation of Texas Rule of Evidence 411.[4] Because those policy reasons for the "no direct action" rule apply regardless of whether the plaintiff is seeking declaratory relief or money damages from the insurer, we reject Zuniga's reliance on the Declaratory Judgments Act as a means to avoid the rule.

Zuniga argues that we have previously held that parties can seek a declaratory judgment regarding an insurer's duty to indemnify even before the insured defendant's liability has been determined. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 334 S.W.3d 217, 219–20 (Tex. 2011) (acknowledging the lower court's ability to decide both the duty to defend and the duty to indemnify, but holding that the court "erred by not considering all the evidence presented by the parties when it determined the . . . duty to indemnify"); *Tex. Ass'n of Counties Cnty. Gov't Risk Mgmt. Pool v. Matagorda Cnty.*, 52 S.W.3d 128, 135 (Tex. 2000) (noting that an insurer "may, among other options, seek prompt resolution of the coverage dispute in a declaratory judgment action, a step we have encouraged insurers . . . to take") (citing *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996)); *Farmers Tex. Cnty. Mut. Ins.*

---

[3] In a simultaneous trial of Zuniga's claims against both SDT and Essex, it would be in Essex's interest to establish that Zuniga was an employee of SDT, in which case the policy would not cover Zuniga's claim or SDT's liability. It would be in SDT's interest, however, to establish that Zuniga was an independent contractor, rather than an employee, so that the policy would provide indemnity coverage. Having agreed to defend SDT, Essex owes a duty to provide SDT with a full and vigorous defense, and doing so would conflict with Essex's own defense against Zuniga's declaratory judgment claims. As we have previously recognized, "we do not require insurance companies to perform duties for third-party claimants that are 'coextensive and conflicting' with the duties they owe their insureds," because doing so would "necessarily compromise the duties the insurer owes to its insured." *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 279–80 (Tex. 1995) (internal citations omitted).

[4] Texas law has long recognized the prejudice that results from the admission of evidence of liability insurance that covers an insured defendant. *See* TEX. R. EVID. 411; TEX. R. CIV. P. 226a(II)(9); *Rojas v. Vuocolo*, 142 Tex. 152, 177 S.W.2d 962, 962–64 (1944) (reversing and remanding case because evidence of insurance influenced jury); *Barrington v. Duncan*, 140 Tex. 510, 516, 169 S.W.2d 462, 465 (1943) (reversing and remanding case for new trial because jury considered insurance in rendering verdict).

*Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (holding that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*"). But none of these cases implicates the "no direct action" rule because in each of these cases, it was the insurer or the insured defendant, not the plaintiff, who sought declaratory relief, or the insured defendant's liability to the plaintiff had in fact been determined before the declaratory judgment suit was filed. *See Burlington N. & Santa Fe Ry.*, 334 S.W.3d 217 (insured brought declaratory judgment suit against insurer); *Matagorda*, 52 S.W.3d 128 (insurer sought indemnification from insured after liability was found); *Griffin*, 955 S.W.2d 81 (insurer brought declaratory judgment suit against insured); *Gandy*, 925 S.W.2d 696 (insured's judgment creditor and assignee brought action against insurer after liability was found).

Zuniga has not cited to any cases in which we have held that that the *plaintiff*, who is not a party to the insurance policy, may seek or obtain a declaratory judgment regarding an insurer's duty to indemnify an insured defendant against liability to the plaintiff before that liability has been determined. Under these circumstances, the reasons for the general rule prohibiting such an action prevail. *See Angus Chem.*, 939 S.W.2d at 138. Because Texas law does not permit Zuniga to sue Essex directly for a declaration of Essex's duty to indemnify SDT before SDT's liability to Zuniga has been determined, we conclude that the trial court abused its discretion by denying SDT's motion to dismiss Zuniga's claims in this case. *See, e.g.*, *In re Columbia Med. Ctr. of Las Colinas*, 306 S.W.3d 246, 248 (Tex. 2010) ("A trial court abuses its discretion when it fails to analyze or apply the law correctly.").

Turning to the second requirement for mandamus relief, we also agree with Essex that it has no adequate remedy by appeal. "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004)). Balancing these interests, we have previously held that "mandamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex. 2010) (quoting *In re Prudential*, 148 S.W.3d at 136). In light of the conflict of interest and prejudice that we have noted above, we conclude that mandamus relief is appropriate to spare the parties and the public the time and money spent on fatally flawed proceedings.

Therefore, pursuant to Texas Rule of Appellate Procedure 52.8(c), without hearing oral arguments, we conditionally grant mandamus relief and direct the trial court to vacate its order denying Essex's Rule 91a motions to dismiss Zuniga's and SDT's claims against Essex in this case and to grant the motions. Our writ will issue only if the trial court fails to act in accordance with this opinion.

Opinion delivered: November 21, 2014