

# Fourth Court of Appeals
## San Antonio, Texas

February 25, 2020

No. 04-20-00071-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

Patrick Von **DOHLEN**, Brian Greco, Kevin Jason Khattar, Michael Knuffke, and Daniel Petri,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI18637
Honorable David A. Canales, Judge Presiding

# O R D E R

In their original petition, appellees Patrick Von Dohlen, Brian Greco, Kevin Jason Khattar, Michael Knuffke, and Daniel Petri sued appellant, the City of San Antonio, under section 2400.002 of the Texas Government Code.[1] Appellant filed a verified answer that included a plea to the jurisdiction. Appellant also filed a motion to dismiss under rule 91a of the Texas Rules of Civil Procedure, which allows a party to move to dismiss a claim on the ground that it has no basis in law or in fact. *See* TEX. R. CIV. P. 91a.1. The trial court signed an order denying both the plea to the jurisdiction and the rule 91a motion to dismiss. Thereafter, appellant filed a notice of appeal, stating it intends to appeal both the denial of its plea to the jurisdiction and the denial of its rule 91a motion to dismiss. The challenged order is interlocutory in nature.

Appeals from interlocutory orders, when allowed by statute, are accelerated. *See* TEX. R. APP. P. 28.1. Here, the trial court signed the order denying appellant's plea to the jurisdiction and rule 91a motion to dismiss on January 9, 2020. Because this is an accelerated appeal, the notice of appeal was due Wednesday, January 29, 2020. *See* TEX. R. APP. P. 26.1(b). A motion for

---

[1]Section 2400.002 of the Texas Government Code provides:

> Notwithstanding any other law, a governmental entity may not take any adverse action against any person based wholly or partly on the person's membership in, affiliation with, or contribution, donation, or other support provided to a religious organization.

TEX. GOV'T CODE § 2400.002.

extension of time to file the notice of appeal was due on February 13, 2020. *See* TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on January 30, 2020. Although appellant filed a notice of appeal within the fifteen-day grace period allowed by rule 26.3, it did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C).

Additionally, an interlocutory order may be appealed only if a specific statute authorizes an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a party may appeal from an interlocutory order of a district court, county court at law, or county court. *See* TEX. CIV. PRAC. & REM. CODE § 51.014. Section 51.014 expressly authorizes an appeal from an interlocutory order denying a plea to the jurisdiction by a governmental unit. *Id.* at § 51.014(a)(8). However, we have not found any statutory authority that allows a party to appeal from an interlocutory order denying a motion to dismiss filed pursuant to rule 91a. Therefore, even if appellant provides a reasonable explanation for failing to file a notice of appeal in a timely manner, we question our jurisdiction to entertain the part of this appeal challenging the denial of appellant's rule 91a motion to dismiss. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (granting mandamus relief after concluding relator had no adequate remedy by appeal to challenge the denial of a rule 91a motion to dismiss); *S. Cent. Houston Action v. Stewart*, 14-15-00088-CV, 2015 WL 1508699, at *1 (Tex. App.—Houston [14th Dist.] March 31, 2015, no pet.) (dismissing an interlocutory appeal because the appellate court had no jurisdiction over the denial of a motion to dismiss under rule 91a); *see also City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 (Tex. App.—Austin 2014, no pet.) (stating that because the city's rule 91a motion challenged the trial court's subject-matter jurisdiction, section 51.014(a)(8) of the civil practice and remedies code granted the city the right to an interlocutory appeal of the denial of its rule 91a motion to dismiss).

Therefore, we ORDER appellant to file, **on or before March 6, 2020**, a written response that (1) presents a reasonable explanation for appellant's failure to file its notice of appeal in a timely manner; and (2) demonstrates that this court has jurisdiction to entertain an interlocutory appeal from the trial court's order denying appellant's rule 91a motion to dismiss. If appellant fails to respond within the time provided, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c).

Appellant has filed a motion for extension of time to file its brief. Appellant's request for an extension of time to file its brief is HELD IN ABEYANCE pending our determination of whether we have jurisdiction over this appeal.

_____
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of February, 2020.



Michael A. Cruz,
Clerk of Court