

# NUMBER 13-21-00450-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ANNIE RUTH FINDLEY JONES

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva[1]**

Relator Annie Ruth Findley Jones filed a petition for writ of mandamus and a motion for emergency relief in this cause. By petition for writ of mandamus, relator, who is the independent administrator of the estate of Harold Jack Findley, deceased, seeks to compel the trial court to (1) vacate a show cause order, and (2) request the assignment of a statutory probate court judge to hear the remainder of the underlying estate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

proceeding. Relator contends that "[b]ecause the Estate is being administered as an Independent Administration, the [trial court] lacks jurisdiction to require the Independent Administrator to show cause or take any action other than to file an Inventory, Appraisement, and List of Claims." Relator further argues that "the Show Cause Order renders the probate proceeding a contested matter," and therefore, it is "mandatory" for the trial court to request the assignment of a statutory probate judge to hear the matter. By motion for emergency relief, relator seeks to stay the show cause hearing that is scheduled to occur on December 21, 2021.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

2

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. Based on the limited record presented, *see* TEX. R. APP. P. 52.3(k); *id.* R.52.7, and the arguments and authorities presented, relator has not established that the trial court abused its discretion.[2] Accordingly, we deny the petition for writ of mandamus and the motion for emergency relief.

CLARISSA SILVA
Justice

Delivered and filed on the
17th day of December, 2021.

---

[2] Relator's petition for writ of mandamus does not follow the format mandated by the appellate rules. *See generally* TEX. R. APP. P. 52. Additionally, relator failed to identify any real parties in interest in the petition for writ of mandamus. *See id.* R. 9.5 (pertaining to the service of documents); *id.* R. 52.2 (governing the designation of the parties); *id.* R. 52.3(a) (requiring the relator to provide "a complete list of all parties, and the names, and addresses of all counsel"); *id.* R. 52.10(a) (requiring relator to notify all parties that a motion for temporary relief has been or will be filed). We note that the heirs of the decedent are identified in the limited record provided as: (1) Kenneth Findley, (2) Shelby Jean Hayes, (3) Anthony Stephen Findley, (4) Danielle Craven, (5) Tyler Wade, (6) Landon Wade, (7) Richard Donald Findley, (8) Linda Gail Flowers, (9) Craig Steven Yancy, (10) Jonathan Chad Yancy, (11) Tristian Ray Samuel Yancy, (12) Lauren Kay Elizabeth Yancy, (13) Susan Rene Witkowski, (14) Carolyn Treece, (15) Denise Munza, (16) Thomas Heath Back, (17) Donna Dennis, (18) Joseph Dan Findley, (19) Darla Gayle Phillips, (20) Ronald Darren Findley, (21) Debbie Lynn Busby, (22) Timothy John Clifton, (23) Patrick Newley, (24) Zachary Newley, (25) Benji Dale Clifton, (26) Annie Ruth Findley Jones, (27) Gary David Findley, (28) Angela McElory, (29) Billy McPherson, Jr., (30) Bart McPherson, (31) Bret McPherson, (32) Felicia Dianne Findley Debter, and (33) Lucretia Suzanne Phillips.