**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00374-CV**

_____

**IN RE FIRST RESERVE MANAGEMENT, L.P.; FIRST RESERVE CORPORATION, L.L.C.; FR XII ALPHA AIV, L.P.; FR XII-A ALPHA AIV, L.P.; FR SAWGRASS, L.P.; AND SAWGRASS HOLDINGS, L.P.**

_____

**Original Proceeding**
**128th District Court of Orange County, Texas**
**Trial Cause No. A2020-0236-MDL**

_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, First Reserve Management, L.P.; First Reserve Corporation, L.L.C.; FR XII Alpha AIV, L.P.; FR XII-A Alpha AIV, L.P.; FR Sawgrass, L.P.; and Sawgrass Holdings, L.P. (collectively, "First Reserve") complains the trial court abused its discretion by denying their motion to dismiss a lawsuit filed against them based on their motion claiming the allegations in the

1

plaintiffs' pleadings are without any basis in law or in fact.[1] First Reserve moved to dismiss the lawsuit by filing a motion that authorizes trial courts to dismiss a case that "has no basis in law or fact."[2] Under Rule 91a, the Rule of Civil Procedure First Reserve invoked, the trial court was required to "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."[3] The trial court's ruling must be based solely on the plaintiffs' pleadings of their claims.[4]

Under the rules that apply to pleadings, a pleading must contain "a statement in plain and concise language of the plaintiff's cause of action[.]"[5] "That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole[.]"[6] Recently, the Texas Supreme Court explained: "A cause of action is sufficiently

---

[1]*See* Tex. R. Civ. P. 91a ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."); *see also In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (When a trial court abuses its discretion by denying a Rule 91a motion to dismiss, mandamus relief may be "appropriate to spare the parties and the public the time and money spent on fatally flawed proceedings").

[2]*Id*. 91a.1.

[3]*Id*. 91a.6.

[4]*Id*.

[5]*Id*. 45(b).

[6]*Id*.

pleaded only if the petition gives fair notice of the claim involved."[7] To decide if a petition provides the defendant with fair notice, the "key inquiry is whether the [defendant] can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."[8]

In the underlying suit, First Reserve asked the trial court to dismiss the plaintiffs' petition, their Third Amended Petition, which the plaintiffs filed on October 6, 2021. The petition is sixty-three-pages long. It contains statements that, in plain and concise language, set out the causes of action on which plaintiffs are basing their suit. At this early stage, we (like the trial court) are required to take the factual allegations the plaintiffs included in their petition and assume they are true.[9]

We conclude the petition provides First Reserve with fair notice of the legal and factual basis of the plaintiffs' claims. Since First Reserve has not established that an abuse of discretion occurred, its petition for writ of mandamus is denied.[10]

PETITION DENIED.

PER CURIAM

Submitted on December 10, 2021
Opinion Delivered January 13, 2022
Before Golemon, C.J., Kreger and Horton, JJ.

---

[7]*Kinder Morgan SACROC, LP v. Scurry Cty.*, 622 S.W.3d 835, 849 (Tex. 2021).
[8]*Id*. (cleaned up).
[9]Tex. R. Civ. P. 91a.1 ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.").
[10] *See* Tex. R. App. P. 52.8(a).