In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00395-CV

IN RE GRAND HARBOR PROPERTY OWNERS' ASSOCIATION

Original Proceeding
457th District Court of Montgomery County, Texas
Trial Cause No. 19-02-01622-CV

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Grand Harbor Property Owners' Association, Relator, ("Grand Harbor") contends the trial court clearly abused its discretion by striking two expert witnesses. The Real Parties in Interest, Edward Griffith, Barbara Griffith, Todd Butard and Rachelle Butard, ("Homeowners"), filed a response to the petition.

Grand Harbor argues mandamus relief should issue because by striking the expert witnesses the trial court imposed "death penalty" sanctions without complying with the procedural and substantive standards for imposing sanctions.

Grand Harbor argues the trial court erred by granting the Homeowners' motion to strike for noncompliance with Texas Rule of Civil Procedure 193.6 because Grand Harbor did not abuse the discovery process when it designated its testifying experts on the last available day, identified the general areas their testimony might cover, and informed the opposing parties that the experts had not yet prepared reports. Grand Harbor complains the trial court failed to consider a lesser sanction before striking the expert witnesses and the Homeowners did not show they were prejudiced by Relator's failure to produce a report with the designations.

The Homeowners argue the trial court merely applied the Texas Rule of Civil Procedure 193.6 exclusion rule as a matter of admissibility, not as a sanction for discovery abuse. The Homeowners contend the expert witnesses were not timely identified or disclosed and Relator failed to meet its burden to show good cause, lack of unfair surprise, or lack of unfair prejudice as required by Rule 193.6(a). Additionally, Grand Harbor's expert witness designations failed to disclose any opinions of either expert witness and the opinions were not disclosed by other means or in the response to a request for disclosure. The trial court's docket control order in paragraph two required all parties to designate experts and include the name, address, telephone number, subject of testimony and "the opinions that will be proffered by each expert[]" as part of the expert witness designation. The docket control order also warned that "[e]xperts not listed in compliance with this paragraph

2

will not be permitted to testify absent a showing of an exception under Rule 193.6." And it states that "[a] Rule 194 disclosure is not a substitute for this filed designation." Parties seeking affirmative relief were to file their designations 150 days before trial, and all other parties were to file their designations 120 days before trial. The docket control order set the trial date for December 13, 2021.

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal is an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. The Court, having examined and fully considered the petition for writ of mandamus, the response of the Homeowners and the applicable law, finds that Grand Harbor has not met its burden to obtain mandamus relief. Grand Harbor has failed to establish that the trial court clearly abused its discretion by granting the motion to strike, or that it lacks an adequate appellate remedy.

After reviewing Relator's petition and the response of the Real Parties in Interest, we conclude that Relator has failed to establish it is entitled to the relief

sought in its petition. Accordingly, we deny the petition for a writ of mandamus. *See*

Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on December 30, 2021
Opinion Delivered January 27, 2022

Before Golemon, C.J., Horton and Johnson, JJ.