In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00144-CV**
_____

**IN RE SHELTON ENERGY SOLUTIONS, LLC**

**Original Proceeding**
**411th District Court of Polk County, Texas**
**Trial Cause No. CIV-22-0356**

**MEMORANDUM OPINION**

In this original proceeding, Relator, Shelton Energy Solutions, LLC ("Relator" or "Shelton Energy"), seeks to compel the trial court presiding in a personal injury suit to vacate its March 29, 2023 orders denying Shelton Energy's motions to show authority, to join necessary parties, and to abate the lawsuit. We obtained a response from the real parties in interest, Asia Cole, Ciara Cole, Rance Cole III, and Jade Cole ("the Coles" or the "plaintiffs"). We deny mandamus relief.

Rance Cole died on May 7, 2022, as a result of injuries he sustained in a motor vehicle accident. Four of Cole's children sued Seth Marceaux and his employer, Shelton Energy. The Coles alleged they are Rance Cole's statutory beneficiaries and

1

heirs at law of his estate and they sued on behalf of any other wrongful death beneficiaries and heirs at law of the estate. Rance Cole's wife, Anissa Haynes, intervened, seeking wrongful death and survival damages.

Shelton Energy filed a motion to show authority, a motion to join necessary parties, and a motion to abate the lawsuit until the plaintiffs showed they have authority to pursue the suit on behalf of the Decedent or the Estate and the personal representative of the Estate has been joined as a necessary party. In response, the Coles urged the trial court to make findings related to heirship without sending the case to a probate court for an heirship proceeding or the appointment of an administrator. The Coles supported their response with an affidavit of family history from each of the Coles, Rance Cole's former wife, and the former wife's motion. The Coles also supported their motion with an affidavit from Anissa Haynes regarding the Decedent's family history and paid funeral expenses. Shelton Energy objected to the affidavits, which it argued proved nothing because they merely stated that the affiant did not know of any other heirs and they had paid certain debts. The trial court overruled Shelton Energy's objections to the affidavits and denied all three motions.

Shelton Energy filed this mandamus petition to compel the trial court to vacate its orders and grant Shelton Energy's motions. Shelton Energy complains the Coles presented no evidence that they are the only heirs to the Decedent's Estate and no

2

evidence that an administration is not necessary. It argues the purported family settlement agreement signed by the Coles and Anissa Haynes does not obviate the need for an administration of the Estate because it fails to include all heirs of the Decedent, known and unknown.

The Coles filed a response that argued in part that this original proceeding is moot because an application to declare heirship has been filed in the County Court at Law of Polk County, Texas.

In reply, Shelton Energy complains that the Coles did not notify Shelton Energy of the pending heirship proceeding. It asks this Court to abate all trial court proceedings until the probate court declares all heirs and appoints a permanent administrator for the estate.

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal provides an inadequate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the

detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

After considering the parties' arguments, the mandamus record, in light of the commencement of proceedings in the probate court, and balancing the benefits of mandamus review against the detriments, we conclude Relator has not established that the trial court's orders constitute an abuse of discretion from which there is no adequate remedy by appeal. We deny the petition for a writ of mandamus without prejudice. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on July 6, 2023
Opinion Delivered August 17, 2023

Before Golemon, C.J., Horton and Wright, JJ.