In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00359-CV
_____


IN RE SILSBEE OAKS HEALTH CARE, L.L.P.


Original Proceeding
58th District Court of Jefferson County, Texas
Trial Cause No. A-209436


MEMORANDUM OPINION

Silsbee Oaks Health Care, L.L.P. ("Silsbee Oaks") filed a petition

seeking mandamus relief from an order denying its pre-trial motion to

dismiss a medical liability claim, which was filed in the trial court by five

individuals collectively referred to in this original proceeding as either

the Real Parties in Interest or as the Smarts.[1] In a motion for temporary

---

[1]*See* Tex. R. App. P. 52. The Real Parties in Interest are: (1) Patricia Smart, Individually and as Representative of the Estate of Bonnie Smart, (2) Joe Smart, (3) Larry Dale Smart, (4) Otis Von Smart Sr., and (5) Roy G. Smart

1

relief, Silsbee Oaks asks that this Court stay all trial court proceedings, including discovery, while this original proceeding is before this Court.[2] After reviewing the mandamus petition and record, we deny the mandamus petition and the motion for temporary relief.[3]

When the Smarts filed their original petition, they attached an expert report to their petition to comply with the requirements of the Texas Medical Liability Act (TMLA).[4] When Silsbee Oaks answered, it filed a general denial and an affirmative defense, a defense that it based on section 74.155 of the Civil Practice and Remedies Code.[5] Section 74.155 ("Liability of Physician, Health Care Providers, and First Responders During Pandemic") creates an affirmative defense from liability "for injury arising from care, treatment, or failure to provide care

---

[2]*See id.* 52.10(a).

[3]*See id.* 52.7(a). At the Relator's request, we take judicial notice of the clerk's record and reporter's record filed for its attempted accelerated appeal from the order denying Silsbee Oaks' motion to dismiss. *See generally Silsbee Oaks Health Care, L.L.P. v. Smart*, No. 09-23-00249-CV, 2023 WL 6318051 (Tex. App.—Beaumont Sept. 28, 2023, no pet. h.) (mem. op.).

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351.

[5]*Id.* § 74.155.

or treatment relating to or impacted by a pandemic disease or a disaster declaration related to a pandemic disease."[6]

Around five weeks later, in a motion to dismiss, Silsbee Oaks argued that because it had produced evidence supporting "immunity" under CPRC section 74.155, it was entitled to recover attorneys' fees and to have the suit dismissed under CPRC section 74.351(c). According to the motion, the Smarts had failed to meet their burden to produce evidence in response to the evidence produced by Silsbee Oaks supporting its pandemic defense under section 74.155 to show that Bonnie Smart's injuries and death were caused by Silsbee Oaks' intentional, willful, or wanton misconduct.

Four months after that, Silsbee Oaks supplemented its motion, arguing that an affirmative defense under CPRC section 74.155 is raised and determined before any discovery is allowed in a case against a healthcare provider like Silsbee Oaks. And eight months later, Silsbee Oaks filed another supplemental motion in which it argued the case against it should be dismissed because, based on the testimony of Bonnie Smart's medical providers, Bonnie was not suspected of having a COVID-

---

[6]*See id*. § 74.155 (the Pandemic Liability Statute).

19 infection and did not qualify for transfer to a hospital when Silsbee Oaks discharged Bonnie to home care. That said, Silsbee Oaks' motion then states that "additional uncontroverted evidence demonstrates the Covid-pandemic was the producing cause of her injury-Covid-19-death 16 days after discharge from Silsbee Oaks."

Asserting the evidence tying Bonnie's death to the COVID-19 pandemic was uncontroverted, Silsbee Oaks concluded that the plaintiff's claims against Silsbee Oaks were "barred under § 74.155(b) subsection (1) and (2)." The trial court disagreed with Silsbee Oaks and denied its motion to dismiss. Silsbee Oaks responded by filing an interlocutory accelerated appeal, and the Smarts challenged our jurisdiction to consider the appeal.

In resolving the jurisdictional challenge, we concluded that CPRC section 74.155 operates as an affirmative defense rather than as part of the sufficiency criteria that applies to evaluating expert reports under CPRC section 74.351(b).[7] Since no statute expressly authorized an appeal

---

[7]*Silsbee Oaks Health Care, L.L.P.*, 2023 WL 6318051, at \*3.

from the interlocutory order, in September 2023, we dismissed Silsbee Oaks' accelerated appeal for lack of jurisdiction.[8]

Relying on its claim that section 74.155 required the plaintiff to produce an expert report to rebut its pandemic defense before the plaintiff could proceed with the suit, Silsbee Oaks argues in its petition that the legislature intended to make the process that involves screening lawsuits that don't have merit against healthcare defendants—which requires healthcare liability plaintiffs to file expert reports and is spelled out in section 74.351—apply should a defendant assert a claim that the patient was injured or died as a result of a pandemic disease based on the defense the legislature created in section 74.155. According to Silsbee Oaks, the trial court abused its discretion in failing to reconcile sections 74.155 and 74.351 properly to require the Smarts to produce a report from an expert to negate Silsbee Oaks' defense that Bonnie Smart died of a pandemic disease, COVID-19.[9] Nonetheless, Silsbee Oaks claims that section 74.155 (the section creating the pandemic defense that applies to healthcare providers) and section 74.351 (which creates the

---

[8]*Id.* at *4.
[9]*See* Tex. Civ. Prac. & Rem. Code Ann. § 74.155(g).

5

expert report requirements applicable to healthcare-liability claims) should be interpreted as creating an additional reporting burden on the plaintiff to produce a rebuttal expert report if the healthcare provider asserts a "pandemic defense" under section 74.155.[10] Silsbee Oaks argues that the trial court abused its discretion when it refused to accept Silsbee Oaks' novel interpretation of the healthcare liability statute.

We may grant mandamus relief to correct a trial court's abuse of discretion when an appeal provides an inadequate remedy.[11] An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence.[12] We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments.[13]

---

[10]*See id.* §§ 74.155(a)(3), 74.351.

[11]*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

[12]*In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

[13]*In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

We have reviewed the mandamus petition, the appendix submitted with the petition, and the clerk's and reporter's records filed in the accelerated appeal. After reviewing the records, and after considering the arguments presented in the mandamus petition and the authorities cited in the petition, we conclude Silsbee Oaks has failed to establish that an abuse of discretion occurred.

Balancing the benefits of mandamus review against the detriments and considering Silsbee Oaks' argument that the trial court's ruling deprives Silsbee Oaks and the healthcare providers it employs of their rights under the TMLA, we conclude Silsbee Oaks has not established that it lacks an adequate remedy by appeal. We deny the petition for mandamus and the motion for temporary relief.

PETITION DENIED.

PER CURIAM

Submitted on December 13, 2023
Opinion Delivered December 14, 2023

Before Golemon, C.J., Horton and Johnson, JJ.

7